Carolyn H. Cottrell (SBN 166977)
Caroline N. Cohen (SBN 278154)
Philippe M. Gaudard (SBN 331744)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITO LOPEZ, on behalf of himself and the putative Class members; | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| vs. | |
| EUROFINS SCIENTIFIC, INC, and DOES 1-100, inclusive; | (1) Failure to Pay for All Hours Worked (Labor Code § 204); |
| Defendants, | (2) Failure to Pay Minimum Wages (Labor Code §§ 558, 1182.11, 1182.12, 1194, 1197, 1197.1 and 1198); |
| | (3) Failure to Pay Overtime Wages (Labor Code § 510); |
| | (4) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code § 226, 226.3 and 226.6); |
| | (5) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |
| | **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff Rito Lopez ("Plaintiff") brings this action on behalf of himself and other similarly situated individuals against Eurofins Scientific, Inc. ("Eurofins" or "Defendant"), for violations of California wage and hour laws.

2.      This action stems from Defendant's policies and practices of: (1) failing to compensate Plaintiff and putative Class members for all hours worked; (2) failing to pay Plaintiff and putative Class members minimum wage for all hours worked; (3) failing to pay Plaintiff and putative Class members overtime wages; (4) failing to provide Plaintiff and putative Class members true and accurate itemized wage statements; and (6) and engaging in unfair business practices.

3.      Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**PARTIES**

1.      Plaintiff Rito Lopez is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

2.      Plaintiff is currently employed by Defendant for various projects as a packer. Plaintiff began employment with Defendant in January 1990.  Plaintiff works for Defendant in Oakland, California.

3.      Plaintiff is informed, believes, and thereon alleges that Eurofins is a Delaware corporation headquartered in Des Moines, Iowa. Eurofins is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and the putative Class members in California. Eurofins may be served with process by serving its registered agent, Cogency Global, Inc., 1325 J Street, Suite 1550, Sacramento, California 95814.

4.      Defendant employs and/or employed Plaintiff and putative Class members because Defendant, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and putative Class

1   members.

2   5.   At all material times, Defendant has done business under the laws of

3   California, have had places of business in California, including in this judicial district,

4   and have employed putative Class members in this District and elsewhere throughout

5   California. Defendant is a "person" as defined in Labor Code § 18 and an "employer"

6   as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours,

7   and working conditions, and the California Business and Professions Code § 17201.

8   ## JURISDICTION AND VENUE

9   6.   This Court has original federal jurisdiction under 28 U.S.C. § 1332.

10   Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in

11   controversy is between citizens of different States. This Court has supplemental

12   jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a)

13   because they are so related to this action that they form part of the same case or

14   controversy.

15   7.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

16   Plaintiff was employed in this District and the claims asserted arose in this District.

17   At all material times Defendants have been actively conducting business in the State

18   of California and within the geographic area encompassing the Northern District of

19   the State of California.

20   ## FACTUAL ALLEGATIONS

21   8.   Eurofins provides a range of analytical testing services to clients across

22   multiple industries. Eurofins is one of the global leaders in food, environmental,

23   pharmaceutical, and cosmetic products testing and in AgroSciences Contract

24   Research Organization ("CRO") services.  On information and belief, Eurofins has

25   over 12,000 employees and operated approximately 80 locations throughout the

26   United States, including the state of California. Plaintiff is informed, believes, and

27   thereon alleges that Eurofins employs hundreds of hourly, non-exempt workers

28   similarly situated to Plaintiff in California.

9.     Plaintiff works for Defendants as a packer in Oakland, California. Plaintiff began employment with Defendants in January 1990. Plaintiff is classified as an hourly, non-exempt employee and is paid an hourly rate of approximately $16.52.

10.     Plaintiff is informed, believes, and thereon alleges that Defendant employs and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California, including but not limited to packers, warehouse assistants, sample receiving – shipping technicians and other employees with similar job duties.

11.     Although Plaintiff's shifts may vary in length, Plaintiff usually worked eight (8) hours or more per shift, five (5) shifts per week. Plaintiff works approximately forty (40) hours per week, or more.

12.     Defendant routinely requires Plaintiff and putative Class members to perform substantial work off-the-clock and without compensation. This includes but is not limited to Defendants requiring Plaintiff and putative Class members to wait in line, to go through temperature checks and to answer COVID-19 screening questionnaires prior clocking in for the start of their shift. It takes Plaintiff and putative Class members at least one minute and often longer to go through the line, to undergo such temperature checks, and to answer the COVID-19 screening questionnaires *before* the beginning of each shift. This time spent in temperature check lines, undergoing temperature checks, and answering COVID-19 screening questionnaires goes unrecorded and therefore uncompensated.

13.     In addition, Defendant requires Plaintiff and putative Class members to wait in line in order to clock back in upon returning from their meal breaks. Plaintiff and putative Class members spend at least two additional minutes waiting in line after their meal breaks to clock back in for their afternoon shift. This time spent in line also goes unrecorded and therefore uncompensated.

///

14.   As a result of these policies and/or practices, Plaintiff and putative Class members are denied compensation for all hours worked, including minimum wages and overtime, which they are lawfully owed resulting from the additional off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

15.   Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these "temperature check" and "COVID-19 screening" protocols, policies and practices across all Defendant's facilities throughout California.

16.   Further, Plaintiff is informed, believes, and thereon alleges that Defendant institutes a similar policy of not compensating employees while waiting in line to clock in after their meal breaks across all Defendant's facilities throughout California.

17.   Plaintiff is informed, believes, and thereon alleges that Defendant utilizes the same or substantially similar timekeeping mechanisms throughout all its facilities in California.

18.   Defendant's common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff and putative Class members.

19.   As a result of the aforementioned violations, Plaintiff and putative Class members are provided with untrue and inaccurate wage statements as such statements do not include payment for all hours worked, including minimum wages and overtime.

20.   Putative Class members are employed by Defendant and performed work materially similar to Plaintiff.

21.   Putative Class members report to facilities owned, operated, or managed by Defendant to perform their jobs.

22.   Putative Class members perform their jobs under Defendant's supervision using materials and technology approved and supplied by Defendant.

///

23.   Putative Class members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

24.   At the end of each pay period, putative Class members receive wages from Defendant that are determined by common systems and methods that Defendants select and control.

25.   Defendant pays putative Class members on an hourly rate basis.

26.   Defendant's method of paying Plaintiff and putative Class members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

27.   Defendant's unlawful conduct has been widespread, repeated, and consistent throughout Defendant's California facilities.

28.   Defendant knows or should know that its policies and practices are unlawful and unfair.

29.   Defendant's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

30.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

31.   Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  The putative Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees of Eurofins Scientific, Inc. throughout California during the time period starting four years prior to the filing of this Complaint until the resolution of this action ("the putative Class").**

32.    This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the putative class is easily ascertainable.

a.    **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

b.    **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class.  These common questions of law and fact include, but are not limited to:

    i.    Whether Defendant fails to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage Orders;

    ii.    Whether Defendant has a policy and/or practice of requiring putative Class members to be in the control of Defendant, spend time primarily for the benefit of Defendant, and work for Defendants off-the-clock and without compensation;

    iii.    Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

    iv.    Whether Defendant violates Business and Professions Code §§ 17200 *et seq*., by:

        (a) failing to compensate putative Class members for all hours worked, including at minimum wage and at overtime rate wage compensation;

        (b) failing to provide putative Class members with timely, accurate itemized wage statements; and

v.   The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class as alleged herein.

c.   **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.   **Adequacy of Representation**: Plaintiff is a member of the putative Class, does not have any conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the putative Class.  Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

e.   **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class. Each putative Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

33.   The putative Class may also be certified because the prosecution of separate actions by the individual members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the

1  putative Class, and, in turn, would establish incompatible standards of conduct for
2  Defendant.

3      34.    If each individual putative Class member were required to file an
4  individual lawsuit, Defendant would necessarily gain an unconscionable advantage
5  because Defendant would be able to exploit and overwhelm the limited resources of
6  each member of the putative Class with Defendant's vastly superior financial legal
7  resources.

8      35.    Requiring each individual putative Class member to pursue an individual
9  remedy would also discourage the assertion of lawful claims by the putative Class
10  members who would be disinclined to pursue these claims against Defendant because
11  of an appreciable and justifiable fear of retaliation and permanent damage to their
12  lives, careers, and well-being.

13      36.    Plaintiff also seeks certification of the putative Class to the extent
14  applicable under Federal Rule of Civil Procedure 23(b)(2) on the grounds that the
15  party opposing the putative Class has acted or refused to act on grounds that apply
16  generally to the putative Class, so that final injunctive relief or corresponding
17  declaratory relief is appropriate respecting the putative Class as a whole.

### FIRST CAUSE OF ACTION
**Failure to Pay for All Hours Worked**
**Pursuant to Labor Code § 204**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

21      37.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though
fully set forth herein.

22      38.    Labor Code § 200(a) defines wages as "all amounts for labor performed
23  by employees of every description, whether the amount is fixed or ascertained by the
24  standard of time, task, piece, commission basis or other method of calculation."

25      39.    Labor Code § 204 provides that employers must compensate employees
26  for all hours worked "twice during each calendar month, on days designated in
27  advance by the employer as the regular paydays."
28

40.   IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

41.   Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

42.   Defendant willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in Defendant's control.

43.   Defendant regularly requires Plaintiff and the putative Class members to complete additional work off-the-clock, without compensation. For instance, and as mentioned above, Defendant instructs Plaintiff and putative Class members to wait in line, go through temperature checks, answer COVID-19 screening questionnaires *before* the beginning of each shift, *i.e.*, before clocking in. Additionally, Defendant requires Plaintiff and putative Class members to wait in line in order to clock back in upon returning from their meal breaks. It takes Plaintiff and putative Class members at least one minute and often longer to go through the temperature check line, undergo such temperature check, and answer the COVID-19 screening questionnaires before their shift starts. It takes Plaintiff and Class members at least an additional two minutes to go through the line to clock back in after their meal break before their afternoon shift starts. Defendant does not compensate Plaintiff and putative Class members for their time spent in temperature check lines, undergoing temperature checks, answering COVID-19 questionnaires, and waiting in line upon return from meal breaks.

44.   As a result, Defendant fails to track Plaintiff and putative Class members' actual hours worked, and consequently fails to pay Plaintiff and putative Class members for all hours worked.

45.   Defendant requires Plaintiff and putative Class members to work off-the-clock without compensation.  In other words, Plaintiff and putative Class members

1  are forced to perform work for the benefit of Defendant without pay.

2       46.    In violation of California law, Defendant knowingly and willfully refuses

3  to perform their obligations to provide Plaintiff and putative Class members with

4  compensation for all time worked. Defendant regularly fails to track the time Plaintiff

5  and putative Class members actually work and fails to compensate them for all hours

6  worked.

7       47.    Therefore, Defendant committed, and continues to commit, the acts

8  alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff

9  and putative Class members' rights. Plaintiff and putative Class members are thus

10 entitled to recover nominal, actual, and compensatory damages, plus interest,

11 attorneys' fees, expenses, and costs of suit.

12      48.    As a proximate result of the aforementioned violations, Plaintiff and

13 putative Class members have been damaged in an amount according to proof at time

14 of trial.

15      49.    Wherefore, Plaintiff and the putative Class request relief as hereinafter

16 provided.

17 **SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
18 **Pursuant to California Labor Code §§ 558, 1182.12, 1194, 1197, 1197.1 and 1198**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**
19

20      50.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though

21 fully set forth herein.

22      51.    During the applicable statutory period, California Labor Code §§,

23 1182.12 and 1197, and the Minimum Wage Order were in full force and effect, and

24 required that Defendants' hourly employees receive the minimum wage for all hours

25 worked irrespective of whether nominally paid on a piece rate, or any other basis, at

26 the rate of ten dollars and fifty cents ($10.50) per hour commencing January 1, 2017;

27 at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; at the

28 rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of

thirteen dollars ($13.00) per hour commencing January 1, 2020; and at the rate of fourteen dollars ($14.00) commencing January 1, 2021.

52.   Labor Code § 1197.1 provides, in relevant part:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

53.   California Labor Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

///

54.   IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

55.   Labor Code § 558 provides in relevant part:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

56.   Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

57.   Labor Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

58.   Defendants has maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.  Plaintiffs and putative Class members routinely work time off-the-clock *i.e.,* before clocking in, without compensation for this time. For instance, Plaintiff and putative Class members are not compensated for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questionnaires, and waiting in line to clock back in upon returning from their meal breaks.

///

59.   As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and putative Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

60.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**Pursuant to Labor Code § 510**
**(On Behalf of Plaintiff and Putative Class Against All  Defendants)**

61.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

62.   Defendant does not compensate Plaintiff and putative Class members with the appropriate overtime rate, as required by California law.

63.   Labor Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

64.   The IWC Wage Order 4-2001(3)(A)(1) state:

> The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a

day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

65.   Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

66.   Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

67.   Defendant regularly does not compensate Plaintiff and putative Class members for their overtime hours. For instance, Plaintiff and putative Class members do not receive overtime compensation for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questionnaires, and waiting in line to clock back in upon returning from their meal breaks, when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

///

68.    Plaintiff and putative Class members work overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

69.    Defendant has knowingly and willfully refused to perform its obligation to provide Plaintiff and putative Class members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants has damaged Plaintiff and putative Class members in amounts to be determined according to proof at time of trial.

70.    Defendant is liable to Plaintiff and putative Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.   Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

71.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code §§ 226, 226.3 and 226.6**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

72.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

73.    Defendant does not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

74.    Labor Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

75. The IWC Wage Orders also establishes this requirement.  (See IWC Wage Order 4-2001(7).

76. Labor Code § 226.3 provides, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

77. Labor Code  226.6 provides, in relevant part:

Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.

78.   Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

79.   Defendant does not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  The wage statements Defendants provides its employees, including Plaintiff and putative Class members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime.

80.   Defendant is liable to Plaintiff and the putative Class members for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

81.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of Plaintiff and Putative Class Against All  Defendants)**

82.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

83.   The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

84.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

85. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

86. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a. violations of Labor Code §§ 204, 225.5, 558, 1182.12, 1194, 1997, 1197.1, 1198 and IWC Wage Order 4-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

    b. violations of Labor Code § 510 and IWC Wage Order 4-2001 pertaining to overtime; and

    c. violations of Labor Code §§ 226, 226.3 and 226.6 regarding accurate, timely itemized wage statements.

87. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

88. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the putative Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

///

89.   Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

90.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

91.   Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and putative Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated.  Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

92.   Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

93.   There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

94.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.   Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

b.   For a declaratory judgment that Defendant has violated the California Labor Code, California law, and public policy as alleged herein;

c.   For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code;

d.   For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officer, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e.   For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f.   For an order awarding Plaintiff and putative Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, treble damages, punitive damages, and all other sums of money owed to Plaintiff and putative Class members, together with interest on these amounts, according to proof;

g.   For an award of reasonable attorneys' fees as provided by the California Labor Code, including California Code of Civil Procedure § 1021.5 and/or other applicable law;

h.   For all costs of suit;

i.   For interest as provided by applicable law; and

j.   For such other and further relief as this Court deems just and proper.

///

Dated: November 5, 2021                    Respectfully submitted,

Carolyn H. Cottrell
Caroline N. Cohen
Philippe M. Gaudard
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: November 5, 2021                    Respectfully submitted,

Carolyn H. Cottrell
Caroline N. Cohen
Philippe M. Gaudard
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*