Carolyn H. Cottrell (SBN 166977)
Caroline N. Cohen (SBN 278154)
Andrew Weaver (SBN 318935)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
aweaver@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITO LOPEZ, on behalf of himself and the putative Class members;<br><br>    Plaintiff,<br><br>vs.<br><br>EUROFINS SCIENTIFIC, INC., ENVIRONMENTAL SAMPLING SUPPLY, INC., TESTAMERICA LABORATORIES, INC., and DOES 1-100, inclusive;<br><br>    Defendants, | Case No. 3:21-cv-08652<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br>(1) Failure to Pay for All Hours Worked (Labor Code § 204, 256, and 225.5);<br>(2) Failure to Pay Minimum Wages (Labor Code §§ 558, 1182.11, 1182.12, 1194, 1197, 1197.1 and 1198);<br>(3) Failure to Pay Overtime Wages (Labor Code § 510);<br>(4) Failure to Provide Timely and Accurate Itemized Wage Statements and Records (Labor Code § 226, 226.3 226.6, 432, 1174, 1198.5, and 2810.5);<br>(5) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br>(6) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Labor Code §§ 226.7 and 512 ; IWC Wage Order 4-2001) ;<br>(7) Failure to Timely Pay Wages During Employment (Labor Code § 204);<br>(8) Failure to Timely Pay Wages at Termination/Waiting Time Penalties |

Pursuant to Labor Code §§ 201, 202, and 203

(9) Penalties Pursuant to Labor Code § 2699(a), (f)

**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.    Plaintiff Rito Lopez ("Plaintiff") brings this action on behalf of himself and other similarly situated individuals against Eurofins Scientific, Inc. ("Eurofins"), Environmental Sampling Supply, Inc. ("ESS"), and TestAmerica Laboratories, Inc. ("TestAmerica") (collectively "Defendants"), for violations of California wage and hour laws.

2.    This action stems from Defendants' policies and practices of: (1) failing to compensate Plaintiff and putative Class members for all hours worked; (2) failing to pay Plaintiff and putative Class members minimum wage for all hours worked; (3) failing to pay Plaintiff and putative Class members overtime wages; (4) failing to provide Plaintiff and putative Class members true and accurate itemized wage statements and records; (5) engaging in unfair business practices; (6) failing to provide meal and rest breaks; (7) failure to timely pay wages during employment; (8) failure to timely pay wages at termination/waiting time penalties. Plaintiff also seeks penalties pursuant to California Labor Code §§ 2699(a) and (f) on behalf of Aggrieved Employees for the same policies and practices.

3.    Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein. Plaintiff, on behalf of the State of California, also seeks to recover penalties and reasonable attorneys' fees for these violations pursuant to Sections 2699(a) and (f) of the California Labor Code Private Attorneys General Act ("PAGA").

**PARTIES**

4.    Plaintiff Rito Lopez is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

5.    Plaintiff is currently employed by Defendants for various projects as a packer. Plaintiff began employment with Defendants in January 1990.  Plaintiff works for Defendants in Oakland, California.

6.      Plaintiff is informed, believes, and thereon alleges that Eurofins is a Delaware corporation headquartered in Des Moines, Iowa. Eurofins is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and the putative Class members in California. Eurofins may be served with process by serving its registered agent, Cogency Global, Inc., 1325 J Street, Suite 1550, Sacramento, California 95814.

7.      Plaintiff is informed, believes, and thereon alleges that ESS is a Delaware corporation headquartered in San Leandro, California. ESS is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and Aggrieved Employees in California. ESS may be served with process by serving its registered agent, Cogency Global, Inc., 1325 J Street, Suite 1550, Sacramento, California 95814.

8.      Plaintiff is informed, believes, and thereon alleges that TestAmerica is a Delaware corporation headquartered in North Canton, Ohio. TestAmerica is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and Aggrieved Employees in California. TestAmerica may be served with process by serving its registered agent, Cogency Global, Inc., 1325 J Street, Suite 1550, Sacramento, California 95814.

9.      Defendants employ and/or employed Plaintiff and putative Class members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and putative Class members. Putative Class members employed since October 25, 2020 are also Aggrieved Employees.

10.     Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omission alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the

1    course and scope of said agency, employment and/or direction and control.

2    11.    At all material times, Defendants have done business under the laws of

3    California, have had places of business in California, including in this judicial district,

4    and have employed putative Class members in this District and elsewhere throughout

5    California. Defendants are "persons" as defined in Labor Code § 18 and an

6    "employer" as that term is used in the Labor Code, the IWC Wage Orders regulating

7    wages, hours, and working conditions, and the California Business and Professions

8    Code § 17201.

9                    **JURISDICTION AND VENUE**

10   12.    This Court has original federal jurisdiction under 28 U.S.C. § 1332.

11   Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in

12   controversy is between citizens of different States. This Court has supplemental

13   jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a)

14   because they are so related to this action that they form part of the same case or

15   controversy.

16   13.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

17   Plaintiff was employed in this District and the claims asserted arose in this District.

18   At all material times Defendants have been actively conducting business in the State

19   of California and within the geographic area encompassing the Northern District of

20   the State of California.

21                    **FACTUAL ALLEGATIONS**

22   14.    Eurofins provides a range of analytical testing services to clients across

23   multiple industries. Eurofins is one of the global leaders in food, environmental,

24   pharmaceutical, and cosmetic products testing and in AgroSciences Contract

25   Research Organization ("CRO") services.  On information and belief, Eurofins has

26   over 12,000 employees and operated approximately 80 locations throughout the

27   United States, including the state of California. Plaintiff is informed, believes, and

28   thereon alleges that Eurofins employs hundreds of hourly, non-exempt workers

similarly situated to Plaintiff in California.

15.    ESS manufactures quality TOC Vials, EPA Vials, VOAS and many products for environmental sampling and analysis. Plaintiff is informed, believes, and thereon alleges that ESS employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California

16.    TestAmerica is a leading analytical laboratory for environmental testing services in the United States. Plaintiff is informed, believes, and thereon alleges that TestAmerica employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

17.    Plaintiff works for Defendants as a packer in Oakland, California. Plaintiff began employment with Defendants in January 1990. Plaintiff is classified as an hourly, non-exempt employee and is paid an hourly rate of approximately $16.52.

18.    Plaintiff is informed, believes, and thereon alleges that Defendants employ and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California, including but not limited to packers, warehouse assistants, sample receiving – shipping technicians and other employees with similar job duties.

19.    Although Plaintiff's shifts may vary in length, Plaintiff usually worked eight (8) hours or more per shift, five (5) shifts per week. Plaintiff works approximately forty (40) hours per week, or more.

20.    Defendants routinely fail to pay compensation to Plaintiff and putative Class members, including requiring them to perform substantial work off-the-clock and without compensation for any and all tasks performed under the control of the employer (e.g. COVID-related tasks, among other things), and failing to pay for all hours worked, minimum wage, overtime, and premiums at the appropriate rates of pay. This includes but is not limited to Defendants requiring Plaintiff and putative Class members to wait in line, to go through temperature checks and to answer

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Lopez v. Eurofins Scientific, Inc.*
*9761084v5*

COVID-19 screening questionnaires prior clocking in for the start of their shift. It takes Plaintiff and putative Class members at least one minute and often longer to go through the line, to undergo such temperature checks, and to answer the COVID-19 screening questionnaires *before* the beginning of each shift. This time spent in temperature check lines, undergoing temperature checks, answering COVID-19 screening questionnaires or completing any other COVID-19 related tasks goes unrecorded and therefore uncompensated.

21. Defendants routinely fail to authorize, permit and/or make available compliant, lawful meal periods and/or rest breaks to Plaintiff and putative Class members. On average, Plaintiff and putative class members missed one rest break per week. Plaintiff and putative class members were denied lawful meal breaks daily. Plaintiff experienced issues in his employment with Defendants, including Defendants' failure to pay wages owed, failure to allow me to take complete meal periods, rest periods, failure to provide accurate wage statements. Further, Defendants failed to pay the meal and rest period premiums. In addition, Defendants require Plaintiff and putative Class members to wait in line in order to clock out and back in upon returning from their meal breaks. Plaintiff and putative Class members spend at least two additional minutes waiting in line after their meal breaks to clock back in for their afternoon shift. This time spent in line interrupted their meal break and also goes unrecorded and therefore uncompensated.

22. As a result of these policies and/or practices, Plaintiff and putative Class members are denied compensation for all hours worked, minimum wages, overtime, and premiums at the appropriate rates of pay, which they are lawfully owed resulting from the additional off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

23. Plaintiff and putative Class members are also denied complete and compliant meal and rest breaks. For example, due to the obligations placed upon them by Defendants, the rounded meal period punches, the automatically deducted meal

periods, and a failure to properly record the actual meal periods provided, Plaintiff and putative Class members are unable to take complete, timely, compliant, and lawful meal and/or rest breaks and have not received compliant premium payments at the appropriate rate of pay.

24.     Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these "temperature check" and "COVID-19 screening" protocols, policies and practices across all Defendants' facilities throughout California.

25.     Further, Plaintiff is informed, believes, and thereon alleges that Defendants institute a similar policy of not compensating employees while waiting in line to clock in after their meal breaks across all Defendants' facilities throughout California.

26.     Plaintiff is informed, believes, and thereon alleges that Defendants utilize the same or substantially similar timekeeping mechanisms throughout all their facilities in California.

27.     Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain and timely provide true and accurate pay records, personnel records, and records of the hours worked by Plaintiff and putative Class members.

28.     As a result of the aforementioned violations, Plaintiff and Putative Class members are provided with untrue, non-compliant, improperly maintained, untimely, and inaccurate wage statements as such statements do not include payment for all hours worked, including appropriate rates of pay, minimum wages, and overtime, and do not accurately reflect gross wages earned, total hours worked,  the number of piece-rate units earned and any applicable piece rate, all deductions, net wages earned, the inclusive dates of the pay period, Plaintiff and putative Class members' names and only the last four digits of their social security number or an employee identification number other than a social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during

the pay period and the corresponding number of hours worked at each hourly rate by the employee.

29.   Putative Class members are employed by Defendants and performed work materially similar to Plaintiff.

30.   Putative Class members report to facilities owned, operated, or managed by Defendants to perform their jobs.

31.   Putative Class members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

32.   Putative Class members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

33.   At the end of each pay period, putative Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

34.   Defendants pay putative Class members on an hourly rate basis.

35.   Defendants' method of paying Plaintiff and putative Class members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

36.   Defendants' unlawful conduct has been widespread, repeated, and consistent throughout Defendants' California facilities.

37.   Defendants know or should know that their policies and practices are unlawful and unfair.

38.   Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

39.   Plaintiff provided notice to the LWDA and Defendants of his intent to pursue penalties on behalf of Aggrieved Employees pursuant to California Labor Code § 2698, et seq. ("PAGA") on October 25, 2021. Plaintiff provided amended

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Lopez v. Eurofins Scientific, Inc.*
*9761084v5*

notices on February 7, 2022, October 5, 2022, and [ ]. Plaintiff has received no notice from the LWDA within the required time period of its intent to pursue the claims in Plaintiff's notice. Therefore, Plaintiff has completed all administrative prerequisites to bringing claims pursuant to PAGA on behalf of himself and Aggrieved Employees.

## RULE 23 CLASS ACTION ALLEGATIONS

40. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

41. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The putative Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees of Eurofins Scientific, Inc., Environmental Sampling Supply, Inc., and TestAmerica Laboratories, Inc. throughout California during the time period starting four years prior to the filing of this Complaint until the resolution of this action ("the putative Class").**

42. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the putative class is easily ascertainable.

a. **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendants fail to compensate putative Class

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Lopez v. Eurofins Scientific, Inc.*
*9761084v5*

members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage Orders;

ii.   Whether Defendants have a policy and/or practice of requiring putative Class members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii.   Whether Defendants fail to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

iv.   Whether Defendants violate Business and Professions Code §§ 17200 *et seq*., by:

1.   failing to compensate putative Class members for all hours worked, including at minimum wage and at overtime rate wage compensation;

2.   failing to provide putative Class members with timely, accurate itemized wage statements; and

v.   The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class as alleged herein.

c.   **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.   **Adequacy of Representation**: Plaintiff is a member of the putative Class, does not have any conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the putative

Class.  Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

e.   **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class. Each putative Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

43.   The putative Class may also be certified because the prosecution of separate actions by the individual members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative Class, and, in turn, would establish incompatible standards of conduct for Defendants.

44.   If each individual putative Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the putative Class with Defendants' vastly superior financial legal resources.

45.   Requiring each individual putative Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the putative Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Lopez v. Eurofins Scientific, Inc.*
*9761084v5*

to their lives, careers, and well-being.

46.    Plaintiff also seeks certification of the putative Class to the extent applicable under Federal Rule of Civil Procedure 23(b)(2) on the grounds that the party opposing the putative Class has acted or refused to act on grounds that apply generally to the putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the putative Class as a whole.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**Pursuant to Labor Code §§ 204, 256, and 225.5**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

47.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

48.    Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

49.    Labor Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

50.    Labor Code § 256 provides that the Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203" of the Labor Code.

51.    Labor Code § 225.5 provides that "[i] n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount

unlawfully withheld."

52.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

53.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

54.    Defendants willfully engaged in and continues to engage in a policy and practice of not compensating and paying premiums at the appropriate rate to Plaintiff and putative Class members for all hours worked or spent in Defendants' control.

55.    Defendants fail to pay Plaintiff and the putative Class Members compensation including but not limited to wages, minimum wages, straight time, overtime and/or premium pay at the appropriate rates and regularly require Plaintiff and putative Class members to complete additional work off-the-clock without compensation.   Defendants did not compensate Plaintiff and the putative Class members for tasks under the control of the employer (e.g. COVID-related tasks, among other things), and failed to pay for all hours worked, minimum wage, overtime, and appropriate premium payments owed.  For instance, and as mentioned above, Defendants instruct Plaintiff and putative Class members to wait in line, go through temperature checks, answer COVID-19 screening questionnaires *before* the beginning of each shift, *i.e.*, before clocking in. Additionally, Defendants require Plaintiff and putative Class members to wait in line in order to clock back in upon returning from their meal breaks. It takes Plaintiff and putative Class members at least one minute and often longer to go through the temperature check line, undergo such temperature check, and answer the COVID-19 screening questionnaires before their shift starts. It takes Plaintiff and Class members at least an additional two minutes to go through the line to clock back in after their meal break before their afternoon shift starts. Defendants do not record or compensate Plaintiff and putative Class members for their time spent in temperature check lines, undergoing

temperature checks, answering COVID-19 questionnaires, and waiting in line upon return from meal breaks or completing any other COVID-19 related tasks.

56.     As a result, Defendants fail to track Plaintiff and putative Class members' actual hours worked, and consequently fail to pay Plaintiff and putative Class members for all hours worked.

57.     Defendants require Plaintiff and putative Class members to work off-the-clock without compensation.  In other words, Plaintiff and putative Class members are forced to perform work for the benefit of Defendants without pay.

58.     In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and putative Class members with compensation for all time worked including paying minimum wage, overtime, and premiums at the appropriate rates. Defendants regularly fail to track and/or engage in the practice of rounding the time Plaintiff and putative Class members actually work and fail to compensate them for all hours worked including paying minimum wage, and overtime, and premiums at the appropriate rates

59.     Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and putative Class members' rights. Plaintiff and putative Class members are thus entitled to recover nominal, actual, and compensatory damages, plus interest and including penalties, attorneys' fees, expenses, and costs of suit.

60.     As a proximate result of the aforementioned violations, Plaintiff and putative Class members have been damaged in an amount according to proof at time of trial.

61.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages
**Pursuant to California Labor Code §§ 558, 1182.11, 1182.12, 1194, 1197, 1197.1 and 1198**

**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

62.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

63.    During the applicable statutory period, California Labor Code §§ 1182.11, 1182.12 and 1197, and the Minimum Wage Order were in full force and effect, and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis, at the rate of ten dollars and fifty cents ($10.50) per hour commencing January 1, 2017; at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars ($14.00) commencing January 1, 2021; and at the rate of fifteen dollars ($15.00) commencing January 1, 2022.

64.    Labor Code § 1197.1 provides, in relevant part:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages

pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

65.   California Labor Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

66.   IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67.   Labor Code § 558 provides in relevant part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

68.   Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

69.   Labor Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated

damages in an amount equal to the wages unlawfully unpaid and interest thereon.

70.    Defendants have maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.  Plaintiff and putative Class members routinely work time off-the-clock *i.e.,* before clocking in, without compensation for this time and are not paid minimum wage at the appropriate rate of pay. For instance, Plaintiff and putative Class members are not compensated minimum wage at the appropriate rate of pay for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questionnaires, and waiting in line to clock back in upon returning from their meal breaks.

71.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

72.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages
### Pursuant to Labor Code § 510
### (On Behalf of Plaintiff and Putative Class Against All  Defendants)

73.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74.    Defendants do not compensate Plaintiff and putative Class members with the appropriate overtime rate, as required by California law.

75.    Labor Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall

be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

76. The IWC Wage Order 4-2001(3)(A)(1) state:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

77. Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

78. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All

such wages are subject to California's overtime requirements, including those set forth above.

79.   Defendants regularly do not compensate Plaintiff and putative Class members for their overtime hours worked and premiums the appropriate rate of pay. For instance, Plaintiff and putative Class members do not receive overtime compensation for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questionnaires, and waiting in line to clock back in upon returning from their meal breaks, when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

80.   Plaintiff and putative Class members work overtime hours for Defendants without being paid overtime premiums at the appropriate rate of pay in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

81.   Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and putative Class members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and putative Class members in amounts to be determined according to proof at time of trial.

82.   Defendants are liable to Plaintiff and putative Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

83.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements and Records**
**Pursuant to Labor Code §§ 226, 226.3, 226.6, 432, 1174, 1198.5, and 2810.5**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

84.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

85.   Defendants do not provide Plaintiff and putative Class members with

accurate itemized wage statements as required by California law.

86.   Labor Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

87.   The IWC Wage Orders also establishes this requirement.  (See IWC Wage Order 4-2001(7).

88.   Labor Code § 226.3 provides, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for

which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

89.   Labor Code  226.6 provides, in relevant part:

Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.

90.   Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

91.   Labor Code § 432 provides that "[i]f an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

92.   Labor Code § 1174(d) provides that employers shall "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid

on a piece-rate basis, piece-rate units earned."

93.    Labor Code § 1198.5(b)(1) provides that an

employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Except as provided in paragraph (2) of subdivision (c), the employer is not required to make those personnel records or a copy thereof available at a time when the employee is actually required to render service to the employer, if the requester is the employee.

94. Labor Code § 2810.5(a)(1) provides

At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information: (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable. (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances. (C) The regular payday designated by the employer in accordance with the requirements of this code. (D) The name

of the employer, including any "doing business as" names used by the employer. (E) The physical address of the employer's main office or principal place of business, and a mailing address, if different. (F) The telephone number of the employer. (G) The name, address, and telephone number of the employer's workers' compensation insurance carrier. (H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates. (I) Any other information the Labor Commissioner deems material and necessary.

95.     Defendants do not provide timely, accurate, and compliant itemized wage statements to Plaintiff and putative Class members and keep and furnish accurate records in accordance with the Labor Code and the IWC Wage Orders.  The wage statements Defendants provide their employees, including Plaintiff and putative Class members, do not accurately reflect all hours actually worked, actual gross wages earned, appropriate rates of pay, premiums, actual net wages earned, including minimum wages and overtime, total hours worked, the number of piece-rate units earned and any applicable piece rate, all deductions, the inclusive dates of the pay period, Plaintiff's and putative Class members' name and the last four digits of his or her social security number or an employee identification number other than a social security number, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

96.     Defendants are liable to Plaintiff and the putative Class members for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

97.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of Plaintiff and Putative Class Against All  Defendants)**

98.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

99.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

100.  Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

101. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

102.  Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

  a.  violations of Labor Code §§ 204, 225.5, 558, 1182.12, 1194, 1997, 1197.1, 1198 and IWC Wage Order 4-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

  b.  violations of Labor Code § 510 and IWC Wage Order 4-2001 pertaining to overtime; and

  c.  violations of Labor Code §§ 226, 226.3 and 226.6 regarding accurate, timely itemized wage statements.

103. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate

acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

104.  The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*.  Among other things, the acts and practices have taken from Plaintiff and the putative Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

105.  Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

106.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

107.  Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and putative Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated.  Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

108.  Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

109. There is a financial burden involved in pursuing this action, the action is

seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

110.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Failure to Authorize and Permit and/or Make Available Meal and Rest Periods Pursuant to Labor Code §§ 226.7 and 512; IWC Wage Order 4-2001 (On Behalf of Plaintiff and the Putative Class against all Defendants)**

111.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

112.   Defendants routinely fail to authorize, permit and/or make available compliant, lawful meal periods to Plaintiff and putative Class members.

113.   Plaintiff's and putative Class members' are routinely denied meal periods for the entire thirty minutes because they must spend time waiting for time clocks while on meal periods, and Defendants engaged in a practice of automatically deducting meal periods and rounding meal period punches and did not provide compliant meal and rest periods.

114.   Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes. Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the

middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

115.  Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

116.  Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal and/or rest period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal and/or rest period was not authorized and permitted.

117.  Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and putative Class members the ability to take the off-duty meal and rest periods to which they are entitled and engaged in a practice of automatically deducting meal periods and rounding meal period punches and did not provide compliant meal and rest periods.

118.  Defendants have also failed to pay Plaintiff and putative Class members one (1) hour of pay at the appropriate rate for each day an off-duty meal period was denied. Furthermore, Defendants failed to pay Plaintiff and putative Class members one (1) hour of pay at the appropriate rate for each day rest period was denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and putative Class members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods and automatically deduct meal periods and round meal period punches and the failure to provide compliant meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

119.  As a proximate result of the aforementioned violations, Plaintiff and putative Class members have been damaged in an amount according to proof at time of trial.

120.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Failure to Timely Pay Wages During Employment**
**Pursuant to Labor Code § 204**
**(On Behalf of Plaintiff and Putative Class Against All  Defendants)**

121.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

122.  Labor Code § 204 provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

123.  During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

124.  As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

125.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Failure to Timely Pay Wages at Termination/Waiting Time Penalties**
**Pursuant to Labor Code §§ 201, 202, 203**
**(On Behalf Of Plaintiff And Putative Class Against All Defendants)**

126.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

127.  Labor Code §§ 201 and 202 require employers to immediately pay wages earned and unpaid to an employee that is discharged, and to pay an employee who quits within 72 hours after he or she quits, at the latest.

128.   Labor Code § 203 provides, in relevant part:

> if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

129.   Plaintiff and putative Class members have left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages, including overtime, minimum wage, and any premiums at the appropriate rate of pay.

130.   Defendants willfully refuse and continue to refuse to pay Plaintiff and putative Class members all the wages that are due and owing them, in the form of, *inter alia*, overtime, minimum wage, and premiums upon the end of their employment. As a result of Defendants' actions, Plaintiff and the Putative Class have suffered and continue to suffer substantial losses, including lost earnings, and interest.

131.   Defendants' willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to Plaintiff and putative Class members for all penalties owing pursuant to Labor Code §§ 201-203.

132.   In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

133.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### NINTH CAUSE OF ACTION
**Penalties Pursuant to Labor Code §§ 2699(a), (f)**
**(On Behalf of the State of California and Aggrieved Employees)**

134.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Lopez v. Eurofins Scientific, Inc.*
*9761084v5*

fully set forth herein.

135. Labor Code § 2699(a) provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

136. Labor Code §§ 201 and 202 require employers to immediately pay wages earned and unpaid to an employee that is discharged, and to pay an employee who quits within 72 hours after he or she quits, at the latest.

137. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employees shall continue as a penalty from the due date thereof at the same rate paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

138. Labor Code § 256 provides: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days' pay as waiting time under the terms of Section 203."

139. Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendants, as alleged above, to timely pay all wages owed to Plaintiff and the Aggrieved Employees in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203.

140. Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are

paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

141.   Labor Code § 226(e)(1) provides, in relevant part:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

142.   Labor Code § 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

143.   Labor Code § 226.6 provides:

> Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

144. Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendants, alleged above, to provide Plaintiff and Aggrieved Employees an accurate, itemized wage statement in compliance with Labor Code § 226(a) in the amounts established by Labor Code § 226.3. In addition, Plaintiff seeks penalties in the amount established by Labor Code § 226(e)(1), as prayed for herein.

145. Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

146. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

147. Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

148. IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

149. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

150. Labor Code § 225.5 provides:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:
> (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
> (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.
> The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and attorneys thereof may proceed and act for and on behalf of the people in bringing the action. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor and Workforce Development Agency dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of the General Fund.

151. Labor Code § 432 provides that "[i]f an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

152. Labor Code § 510 provides, in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work

in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

153.   Labor Code § 558 provides, in relevant part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

154.   Labor Code § 1174(d) provides that employers shall

Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

155.   Labor Code § 1182.12 provides, in relevant part:

(a) Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

(b) Notwithstanding subdivision (a), the minimum wage for all industries shall not be less than the amounts set forth in this subdivision, except when the scheduled increases in paragraphs (1) and (2) are temporarily suspended under subdivision (d).

(1) For any employer who employs 26 or more employees, the minimum wage shall be as follows:

(D) From January 1, 2020, to December 31, 2020, inclusive,—thirteen dollars ($13) per hour.

(E) From January 1, 2021, to December 31, 2021, inclusive,—fourteen dollars ($14) per hour.

(F) From January 1, 2022, and until adjusted by subdivision (c)—fifteen dollars ($15) per hour.

(2) For any employer who employs 25 or fewer employees, the minimum wage shall be as follows:

(C) From January 1, 2020, to December 31, 2020, inclusive,—twelve dollars ($12) per hour.

(D) From January 1, 2021, to December 31, 2021, inclusive,—thirteen dollars ($13) per hour.

(E) From January 1, 2022, to December 31, 2022, inclusive,—fourteen dollars ($14) per hour.

(F) From January 1, 2023, and until adjusted by subdivision (c)—fifteen dollars ($15) per hour.

(3) For purposes of this subdivision, "employer" means any person who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person. For purposes of this subdivision, "employer" includes the state, political subdivisions of the state, and municipalities.

156.   Labor Code § 1197 provides:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not

change the applicability of local minimum wage laws to any entity.

157. Labor Code § 1197.1 provides, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

158. Labor Code § 1194 provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including i1nterest thereon, reasonable attorney's fees, and costs of suit.

159. Labor Code § 1198.5(b)(1) provides

The employer shall make the contents of those personnel

records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Except as provided in paragraph (2) of subdivision (c), the employer is not required to make those personnel records or a copy thereof available at a time when the employee is actually required to render service to the employer, if the requester is the employee.

160. Labor Code § 2810.5(a)(1) provides

At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information: (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable. (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances. (C) The regular payday designated by the employer in accordance with the requirements of this code. (D) The name of the employer, including any "doing business as" names used by the employer. (E) The physical address of the employer's main office or principal place of business, and a mailing address, if different. (F) The telephone number of the employer. (G) The name, address, and telephone number of the employer's workers' compensation insurance carrier. (H)

That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates. (I) Any other information the Labor Commissioner deems material and necessary.

161.   Labor Code §§ 226.7 and 512 and IWC Wage Order 1-2001 and 7-2001 require Defendants to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and IWC Wage Order 1-2001 prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable wage orders.

162.   To the extent than any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff and Aggrieved Employees each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f).  Plaintiff seeks penalties pursuant to Labor Code § 2699(f) for Plaintiff and Aggrieved Employees for violations of Labor Code provisions including, but not limited, to, Labor Code §§ 226, 226.7, 510, 512, 1194, 1174, 1198.5, 2810.5, 201-203, 204, 226, and IWC Wage Orders 1-2001, and any other violation alleged herein does not carry penalties under Labor Code § 2699(a) for failing to pay Plaintiff and Aggrieved Employees for all hours worked, minimum wage, overtime, pay at the appropriate rates, and premiums; failing to provide complaint meal and rest breaks, properly tracking meal breaks, rounding meal periods, and automatically deducting meal periods; failing to keep, furnish, and timely provide accurate personnel, pay, and time

records; and failing to timely pay all wages owed during employment and following separation of employment. Moreover, Plaintiff and Aggrieved Employees are provided with untrue, non-compliant, improperly maintained, untimely, and inaccurate wage statements as such statements do not include payment for all hours worked, including appropriate rates of pay, minimum wages, and overtime, and do not accurately reflect gross wages earned, total hours worked,  the number of piece-rate units earned and any applicable piece rate, all deductions, net wages earned, the inclusive dates of the pay period, Plaintiff's and Aggrieved Employees' names and only the last four digits of their social security number or an employee identification number other than a social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

163.   Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim.  Sixty-five calendar days have passed without notice from the LWDA.  Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

164.   Plaintiff seeks the aforementioned penalties on behalf of the State, other Aggrieved Employees, and himself as set forth in Labor Code § 2699.

165.   Defendants are liable to Plaintiff, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

166.   Wherefore, Plaintiff requests relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.  Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

b.  For a declaratory judgment that Defendants have violated the California Labor Code, California law, and public policy as alleged herein;

c.  For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code;

d.  For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e.  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f.  For an order awarding Plaintiff and putative Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, treble damages, punitive damages, and all other sums of money owed to Plaintiff and putative Class members, together with interest on these amounts, according to proof;

g.  For an award of reasonable attorneys' fees as provided by the California Labor Code, including California Code of Civil Procedure § 1021.5 and/or other applicable law;

h.  For an order awarding the State of California, Plaintiff, and Aggrieved Employees civil penalties provided under the PAGA, California Labor Code § 2698 et seq.

i.  For all costs of suit;

j.  For interest as provided by applicable law; and

1       k.     For such other and further relief as this Court deems just and proper.

2

3  Dated: August 14, 2023          Respectfully submitted,

4

5

6

7

8

9                    Carolyn H. Cottrell

10                  Caroline N. Cohen

11                  Andrew Weaver
                    SCHNEIDER WALLACE

12                  COTTRELL KONECKY LLP

13                  *Attorneys for Plaintiff and the Putative Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Lopez v. Eurofins Scientific, Inc.*
*9761084v5*

1
2
3
4
5
6

**DEMAND FOR JURY TRIAL**

7   Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff

8   is entitled to a jury.

9

10   Dated: August 14, 2023                  Respectfully submitted,

11

12

13   Carolyn H. Cottrell
     Caroline N. Cohen
14   Andrew Weaver
     SCHNEIDER WALLACE
15   COTTRELL KONECKY LLP

16   *Attorneys for Plaintiff and the Putative Class*

17
18
19
20
21
22
23
24
25
26
27
28

THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Lopez v. Eurofins Scientific, Inc.*
*9761084v5*