Carolyn Hunt Cottrell (SBN 166977)
Caroline N. Cohen (SBN 278154)
Andrew D. Weaver (SBN 318935)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
aweaver@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RITO LOPEZ, on behalf of himself and the putative Class members;<br><br>Plaintiff,<br><br>vs.<br><br>EUROFINS SCIENTIFIC, INC., ENVIRONMENTAL SAMPLING SUPPLY, INC., TESTAMERICA LABORATORIES, INC., and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 3:21-cv-08652-LB<br><br>**PLAINTIFF'S SUPPLEMENTAL NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: October 5, 2023<br>Time: 11:00 am<br>Courtroom: B<br>Judge: Hon. Laurel Beeler |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 5, 2023, at 11:00 a.m., or as soon thereafter as the Court may hear them, in Courtroom B, before Hon. Laurel Beeler of the United States District Court, Northern District of California, Plaintiff Rito Lopez, on behalf of himself and all others similarly situated ("Plaintiff"), will and hereby does move the Court for preliminary approval of the Class Action and Private Attorneys General Act ("PAGA") Settlement Agreement and Release (the "Settlement Agreement" or the "Settlement," attached as **Exhibit 1** to the accompanying Declaration of Carolyn Hunt Cottrell). The Settlement resolves all of the claims in this action on a class basis. In particular, Plaintiff moves for an order:

(1) Granting preliminary approval of the Settlement Agreement;

(2) Conditionally certifying the Settlement Class for settlement purposes;

(3) Approving the proposed schedule and procedure for completing the final approval process for the Settlement, including setting the Final Approval Hearing;

(4) Approving the Class Notice as it pertains to the Settlement Class (attached as **Exhibit 1** to the Settlement Agreement) and the Reminder Letter (attached as **Exhibit 4** to the Settlement Agreement);

(5) Preliminarily appointing and approving Schneider Wallace Cottrell Konecky LLP as Class Counsel for the Settlement Class;

(6) Preliminarily approving Class Counsel's request for attorneys' fees and costs;

(7) Preliminarily appointing and approving Plaintiff Rito Lopez as Class Representative for the Settlement Class;

(8) Preliminarily appointing and approving Phoenix Class Action Administration Solutions as the Settlement Administrator for the Settlement Class; and

(9) Authorizing the Settlement Administrator to mail and email the approved Class Notice to the Settlement Class as set forth in the Settlement Agreement.

Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 23(e). The Motion is based on the original Notice and Memorandum of Points and Authorities, the original Declaration of Carolyn Cottrell, the Declaration of Plaintiff Rito Lopez, this Supplemental Notice and Memorandum of Points and Authorities, the Supplemental Declaration of Carolyn Cottrell and all other records, pleadings, and papers on file in the consolidated action and such other evidence or argument as may be presented to the Court at the hearing on this Motion. Plaintiff also submits a Proposed Order Granting Preliminary Approval of Class Action Settlement with his moving papers.

Date: September 26, 2023             Respectfully submitted,

*/s/ Andrew D. Weaver*
Carolyn Hunt Cottrell
Caroline N. Cohen
Andrew D. Weaver
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Rito Lopez on behalf of himself and all others similarly situated ("Plaintiff"), having reached a class-wide settlement with Defendants Eurofins Scientifics, Inc. ("Eurofins"), Environmental Sampling Supply, Inc. ("ESS"), and TestAmerica Laboratories, Inc. ("TestAmerica") (collectively "Defendants"), provides this update to the Court on changes to the settlement agreement in support of preliminary approval of the Settlement. In the Court's Order re Preliminary Approval [ECF No. 62], the Court raised issues that the original Settlement release in this case was potentially overbroad. The Parties have now submitted a Third Amended Complaint, which was filed with the Court on August 22, 2023 [ECF No. 77]. The Parties have also amended the Settlement to address the Courts Concerns ("Amended Settlement").[1]

As per the Court's direction [ECF No. 75] this Supplemental Motion incorporates all briefing provided in the Original Motion for Preliminary Approval as well as the Declarations in support thereof [ECF No. 61]. Therefore, Plaintiff does not repeat the analysis provided in those documents.

Now, Plaintiff seeks approval of the Amended Settlement. The Amended Settlement addresses the Court's concerns regarding overbreadth of the release, is fair, reasonable, and adequate in all respects, and Plaintiff respectfully requests that the Court grant preliminary approval.

### II. FACTUAL BACKGROUND

In this lawsuit, Plaintiff asserts Labor Code claims for failure to pay for all hours worked, overtime, minimum wages, and meal and rest break violations, on a putative class and PAGA basis. (Cottrell Original Decl., ¶ 14). Plaintiff also alleges derivative violations for failure to provide accurate, itemized wage statements and failure to pay all amounts owed following voluntary or involuntary termination. (Cottrell Original Decl., ¶ 14). Lastly, Plaintiff alleges violations of the California Business and Professions Code § 17200 as a result of the claims alleged above. (Cottrell

---

[1] The Amended Settlement is attached as **Exhibit A** to the accompanying Declaration of Carolyn Hunt Cottrell ("Cottrell Decl.") in Support of Plaintiff's Supplemental Motion for Preliminary Approval of Class and PAGA Representative Action Settlement.

- 1 -
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Rito Lopez v. TestAmerica Laboratories, Inc., et al., Case No. 3 :21-cv-08652-LB*

Original Decl., ¶ 14).

## III.  AMENDED COMPLAINT

The Court's Order Regarding Preliminary Approval [ECF No. 62] stated that "a stipulated complaint could be part of the solution" to resolving the Court's concerns about the potential overbreadth of the release. (P. 3). The Parties therefore negotiated a Third Amended Complaint to address the Court's concerns. (Cottrell Supp. Decl. ¶ 6).

In Plaintiff's Third Amended Complaint [ECF No. 77], Plaintiff provided additional details regarding the alleged off-the-clock work as well as meal and rest break violations. The Stipulation to File Amended Complaint contains tracked edits showing the additional details provided on these claims. (See Stipulation to File Amended Complaint, [ECF No. 73], Exhibit B). The additional allegations provide additional clarity on those claims, which are included in the Amended Settlement.

## IV.  THE AMENDED SETTLEMENT

The Court raised concerns regarding language in the settlement agreement that did not appear to comply with the identical factual predicate rule in the Ninth Circuit. [ECF No. 62]. As stated by the Court, the Ninth Circuit allows only releases that are "based on the identical factual predicate as that underlying the claims in the settled class action." *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2020 WL 836673, at *2 (N.D. Cal. Feb. 20, 2020) (quoting *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010)). Thus, "[d]istrict courts in this Circuit have declined to approve settlement agreements where such agreements would release claims that are 'factually related' to the claims in the instant litigation." *Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 WL 581382, at *5 (N.D. Cal. Feb. 11, 2015) (collecting cases).  The Court raised an issue with the "related to" and "ascertained" language in the settlement release which stated included releases of "any and all claims alleged, or that could have been alleged based on the facts alleged, related to, or ascertained in the Action." [ECF No. 62.]

Therefore, the Parties agreed to revise the release of claims to remove that language. The

Parties revised the settlement as follows (removed language marked with a strike through, additional language underlined):

> **20. Participating Individuals' Released Claims.** Upon Final Approval of the Settlement Agreement and payment of amounts set forth herein, and except as to such rights or claims as may be created by this Settlement Agreement, Named Plaintiff on behalf of Aggrieved Employees and the LWDA, and all Participating Individuals (on behalf of themselves and their respective former and present representatives, agents, attorneys, executors, heirs, administrators, successors, and assigns), shall and hereby do release and discharge all Releasees, finally, forever and with prejudice, from any and all claims alleged, or that could have been alleged based on the facts alleged~~, related to, or ascertained~~ in the Action, and the claims as follows:
>
> > a.  <u>Released California Class Claims</u>: The California Class Members who do not timely and validly request exclusion from the Settlement shall release the Releasees from any and all claims that were alleged or could have been alleged based on the facts alleged~~, related to, or ascertained~~ in the Action, including but not limited to the Operative Complaint and Amended PAGA Letter(s) between November 5, 2017 and the date of Preliminary Approval or June 1, 2023, whichever comes sooner. ~~This includes~~ <u>, and any</u> claims for: the purported payment or nonpayment of compensation (including, but not limited to, wages, minimum wage, straight time, overtime, and/or premium pay), meal or rest period premiums or penalties; failure to pay for all hours worked; failure to timely pay wages during employment; failure to pay wages at discharge or termination; failure to provide compliant meal and rest periods; failure to accurately record time, including all time worked (such as off-the-clock, meal periods, rounding, and auto-deduction of meal periods); failure to provide timely and compliant wage statements and to maintain records; unfair business practices; related premiums, statutory penalties, waiting time penalties, civil

penalties; liquidated damages; interest; punitive damages; costs; attorneys' fees; injunctive relief; declaratory relief; or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy.

b. <u>Released PAGA Claims</u>: Named Plaintiff fully releases the claims and rights to recover civil penalties, costs, expenses, attorneys' fees, interest, injunctive relief, declaratory relief, or accounting, against the Releasees on behalf of Aggrieved Employees and the LWDA for any Labor Code or Wage Order violation alleged or could have been alleged based on the facts alleged, ~~related to, or ascertained~~ in the Action, including but not limited to the Operative Complaint and Amended PAGA Letter(s) between October 26, 2020 and the date of Preliminary Approval or June 1, 2023, whichever comes sooner. ~~This includes~~ , and any claims pursuant to PAGA for: failure to pay minimum wage; failure to pay overtime wages; failure to provide meal and rest periods and/or premiums; failure to accurately record time, including all time worked (such as off-the-clock, meal periods, rounding, and auto-deduction of meal periods); failure to compensate for all hours worked; unlawful withholding of wages; underpayment of wages; failure to provide to provide timely and compliant itemized wage statements and to maintain records; failure to timely pay wages during employment; and failure to pay wages at discharge or termination. The Parties agree that there shall be no right for any Aggrieved Employee to opt out or otherwise exclude himself or herself from the release of PAGA claims. The Parties intend and agree that the Final Approval Order and the Judgment entered as a result of this Settlement shall have res judicata and preclusive effect to the fullest extent allowed by law.

(See also, Cottrell Supp. Decl. ¶ 9)

These modifications bring the language in the Amended Settlement Agreement in line with the Ninth Circuit's identical factual predicate rule. The Parties fully executed the Amended Settlement

Agreement on September 13, 2023. (Cottrell Supp. Decl., ¶ 10, Exhibit A).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant preliminary approval of the Amended Settlement Agreement, in accordance with the schedule set forth in the [Proposed] Order submitted herewith.

Date: September 26, 2023				Respectfully submitted,

						/s/ Andrew D. Weaver
						Carolyn Hunt Cottrell
						Caroline N. Cohen
						Andrew D. Weaver
						SCHNEIDER WALLACE
						COTTRELL KONECKY LLP

						*Attorneys for Plaintiff and the Putative Class*

- 5 -
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Rito Lopez v. TestAmerica Laboratories, Inc., et al.*, Case No. 3 :21-cv-08652-LB

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on September 26, 2023. Service will be accomplished on all parties by the Court's CM/ECF system.

Dated: September 26, 2023

_____
Andrew D. Weaver

---

- 1 -
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Rito Lopez v. TestAmerica Laboratories, Inc., et al., Case No. 3 :21-cv-08652-LB*