Carolyn Hunt Cottrell (SBN 166977)
Caroline N. Cohen (SBN 278154)
Andrew D. Weaver (SBN 318935)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
aweaver@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RITO LOPEZ, on behalf of himself and the putative Class members;<br><br>Plaintiff,<br><br>vs.<br><br>EUROFINS SCIENTIFIC, INC., ENVIRONMENTAL SAMPLING SUPPLY, INC., TESTAMERICA LABORATORIES, INC., and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 3:21-cv-08652-LB<br><br>**[PROPOSED ORDER] GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT**<br><br>Date: February 15, 2024<br>Time: 9:30am<br>Courtroom: B<br>Judge: Hon. Laurel Beeler |

The Motion for Final Approval of Class and PAGA Representative Action Settlement filed by Rito Lopez, Plaintiff in this action and the related Private Attorneys General Act ("PAGA") action pending in *Rito Lopez v. Eurofins Scientific, Inc., et al.*, Case No. 21CV004840 in the Superior Court of California, County of Alameda (collectively, the "Action"), came on for hearing on February 15, 2024, at 9:30am in Courtroom B, 15th Floor, of the above captioned court, the Honorable Laurel Beeler presiding. Defendants in the Action do not oppose the motion.

In the operative complaints in the Action, Plaintiff alleges that Defendants violated California wage-and-hour laws by failing to compensate putative Class Members and Aggrieved Employees. After discovery and extensive investigation by Plaintiff's counsel, the parties entered into private mediation with respected neutral mediator Gail Andler in an attempt to resolve the claims. As a result of the mediation session on September 20, 2022, and further arm's-length negotiations facilitated by Ms. Andler, the parties reached a global settlement that resolves all of the claims in the Action. The parties then executed the Amended Class Action Settlement Agreement and Release ("Settlement" or "Settlement Agreement") on September 14, 2023.

The Court preliminarily approved the Settlement on October 9, 2023. (ECF No. 81). Before the Court now is the last stage of the settlement approval process: final approval of the Settlement, as well as attorneys' fees and costs and a service award for the Class Representative.

Appearing at the final approval hearing was Schneider Wallace Cottrell Konecky LLP ("SWCK") on behalf of Plaintiff, the putative Class Members, and the Aggrieved Employees, and Constangy, Brooks, Smith & Prophete LLP on behalf of Defendants.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. This Order hereby incorporates by reference the definitions of the Amended Class Action Settlement Agreement And Release, as though fully set forth herein, and all terms used herein shall have the same meaning as set forth therein.

2. The Court has jurisdiction over the claims of the Settlement Class Members asserted in this proceeding and over all parties to the action.

3. The Court finds that zero Settlement Class Members have objected to the Settlement and zero Settlement Class Members have requested exclusion from the Settlement.

4. The Court hereby GRANTS FINAL APPROVAL of the terms and conditions contained in the Amended Class Action Settlement Agreement And Release which is incorporated by reference as though set forth in full. The Court finds that the terms of the Settlement are within the range of approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time have been able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6. The Court hereby makes final its earlier preliminary certification of the Settlement Class, in accordance with the Settlement, for purposes of this Settlement only. The Settlement Class is defined as follows: "all persons who are employed, have been employed, or alleged in the Action to have been employed by Defendants as a non-exempt employee in the State of California between November 5, 2017 and June 1, 2023."

7. The Court hereby FINALLY APPOINTS Plaintiff Rito Lopez as Class Representative for the California Settlement Class.

8. The Court hereby FINALLY APPOINTS Schneider Wallace Cottrell Konecky, LLC ("SWCK") as Class Counsel for the Settlement Class.

9. The Court finds that the approved Settlement Notices (submitted to the Court at ECF No. 56-2) constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Settlement Notices fully and accurately informed the Settlement Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Settlement Class Members to participate in this hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class Members, since none timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

10. The Court FINALLY APPROVES Class Counsel's request for attorneys' fees of one-third of $1,700,000.00 (the Gross Settlement Amount minus any interest accrued between preliminary approval and this Order), for a total of $566,666.67 in fees. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imp

11. osed by the contingency basis of Class Counsel's representation of Plaintiff and the Class, and the additional work required of Class Counsel to bring this Settlement to a conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that SWCK's hourly rates are reasonable, that the estimated hours expended are reasonable, and that the multiplier is reasonable in light of the above.

12. The Court FINALLY APPROVES Class Counsel's request for litigation costs in the amount of $14,013.85.

13. The Court FINALLY APPROVES a service award of $10,000.00 for Plaintiff Lopez and finds that this award is fair and reasonable for the work he provided to the Settlement Class and the broader release he executed than the Settlement Class Members.

14. The Court approves the PAGA Payment of $75,000 to the Labor and Workforce Development Agency for Plaintiff's claims pursuant to the California Private Attorneys General Act of 2004.

15. The Court hereby confirms the appointment of Phoenix Class Action Administration Solutions as Settlement Administrator and approves its reasonable administration costs of $13,000, which are to be paid from the Gross Settlement Amount.

16. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the following implementation schedule:

| | |
|---|---|
| Effective Date | The first day following the later of: (i) if there is a timely objection, then after such objection or appeal is resolved without any possibility of further review; or (ii) if there are no timely objections or appeals to the settlement, then thirty calendar days after the Court's order granting Final Approval of the Settlement. |
| Deadline for Defendants to deposit the Gross Settlement Amount into the Settlement Administrator's designated account. | Within 10 days of the Effective Date. |
| Deadline for Phoenix to make payments under the Settlement to Participating Individuals, the LWDA, Class Representative, Class Counsel, and itself | Within 10 days of Defendants' deadline to deposit the Gross Settlement Amount into the Settlement Administrator's designated account. |
| Check-cashing deadline | 180 days after date of issuance. |
| Deadline for Phoenix to distribute any remaining monies to the California State Controller Unclaimed Property Fund | At the conclusion of the 180-day check-cashing period. |
| Deadline for Settlement Administrator to file a Post-Distribution Accounting. | Within 21 days after the distribution of any remaining monies. |
| Deadline for Phoenix to provide Class Counsel and Defendants' counsel with a report regarding the total amount of any funds that remain from checks that were returned as undeliverable or were not negotiated | Within 10 business days after the conclusion of the check-cashing period |
| Deadline for Phoenix to provide written certification of the completion of the administration of the Settlement | Upon completion |

- 4 -
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Rito Lopez v. TestAmerica Laboratories, Inc., et al.*, Case No. 3 :21-cv-08652-LB

17. The Court hereby ORDERS that this action be and hereby is dismissed with prejudice. All claims asserted in this Action are dismissed with prejudice as to Settlement Class Members, as defined in the Amended Class Action Settlement Agreement And Release, which is incorporated by reference as though set forth in full, to the maximum extent permitted by law. By operation of this Order and upon the effective date of the Judgment, all Participating Individuals' Released Claims, Released California Class Claims, Released PAGA Claims, and the related claims of the LWDA, and Named Plaintiff's Released Claims, shall be fully, finally, and forever released, relinquished, and discharged.

18. The Court further ORDERS that, pending further order of this Court, all proceedings in the above-captioned matter, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

**IT IS SO ORDERED.**

Dated: February 15, 2024

HON. LAUREN BEELER
United States Magistrate Judge
United States District Court for the
Northern District of California

The court did a robust analysis of the settlement at ECF No. 81 and relies here on that analysis.

- 5 -
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Rito Lopez v. TestAmerica Laboratories, Inc., et al., Case No. 3 :21-cv-08652-LB*